UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROLYN SILLINGS** | **CIVIL ACTION** |
| **VERSUS** | **NO:  05-6087** |
| **JO ANNE BARNHART, COMMISSIONER,<br>SOCIAL SECURITY ADMINISTRATION** | **SECTION: "N" (4)** |

## REPORT AND RECOMMENDATION

### I.   Introduction

This action seeks judicial review of a final decision of the Commissioner of Social Security pursuant to Title 42 of the United States Code § 405(g).  The Commissioner denied Carolyn Sillings's application for Disability Insurance Benefits and Supplemental Security Income Benefits filed pursuant to the Social Security Act.  *See*  42 U.S.C. § 1382 et. seq.

The matter was referred to the undersigned United States Magistrate Judge pursuant to **Title 28 U.S.C. § 636(b)** and Local Rule 19.02E(b) for the submission of Proposed Findings and Recommendations.

### II.   Factual and Procedural Summary

The plaintiff, Carolyn Sillings, filed an application for Supplemental Security Income Benefits under Title XVI of the Social Security Act and Disability Insurance Benefits under Title II of the Social Security Act on November 4, 2003.  (Tr. 47-50).  She alleges that she is disabled from  a

number of physical and mental problems including degenerative disc disease of the lumbar spine, fibromyalgia, osteoarthritis/polyarthritis, narcolepsy, restless leg syndrome, Raynaud's disease, anxiety/depression, scoliosis, and vision problems. (Tr. 10-11, 20). She contends that she became disabled on May 2, 2003. (Tr. 48 ).

At the administrative level, she received an unfavorable decision and requested a review by an Administrative Law Judge ("ALJ"). After holding a hearing, the ALJ found that Sillings met the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the SSA and was insured for benefits through the date of the decision. (Finding 1, Tr. 22). The ALJ further found that Sillings had "severe" impairments but that these impairments did not meet the one of the listed impairments found at Appendix 1, Subpart P, of Regulation Number 4. (Findings 3, 4, Tr. 22). The ALJ further found that Sillings's allegations regarding her limitations were not totally credible. (Finding 5, Tr. 22).

The ALJ concluded that Sillings had the following residual functional capacity: to lift/carry ten to fifteen pounds occasionally and frequently lighter; no restriction on sitting; thirty minutes of continuous walking and standing each for a total of two to four hours in an eight hour work day; and that she must avoid working around dangerous equipment, driving a motor vehicle, working at heights, climbing ladders and ropes or exposure to strong sunlight. (Finding 6, Tr. 22). He further found that her past relevant work as an accounting clerk and payroll clerk did not require the performance of work related activities precluded by her residual functional capacity. (Finding 7, Tr. 22). The ALJ concluded that her medically determinable impairments and symptoms do not prevent her from performing her past relevant work. (Finding 8, Tr. 22).

Sillings requested review of the decision from the Appeals Council. (Tr. 9). However, the Appeals Council denied her request on November 2, 2005. She now seeks review of the decision in

this Court.

On appeal, Sillings contends that the ALJ's opinion is not based upon substantial evidence because (1) the ALJ failed to consider all of the substantial evidence when concluding that the results from Sillings's sleep study were negative, (2) the ALJ erred by stating that Silling's counsel did not submit confirmation from her treating physician that she was required to take naps twice a day. She also contends that (3) the ALJ failed to apply the proper legal standard to determine the credibility of plaintiff and, (4) the hypothetical question relied on by the ALJ to find that plaintiff is capable of performing her past relevant work is not supported by substantial evidence in the case record.

### III.  Standard of Review

The role of the Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the evidence, try issues *de novo* or substitute its judgment for that of the Secretary. *See id*. If supported by substantial evidence, then the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). *See also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "It is more than a mere scintilla and less than a preponderance." *Id.* It must do more than create a suspicion of the existence of the fact to be established, and no "substantial evidence" will be found only when there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973). A single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails to resolve, a conflict

created by countervailing evidence. Evidence is not substantial of it is overwhelmed by other evidence, particularly evidence offered by treating physicians. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

Finally, the Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnosis and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) age, education, and work history." *Hendricks v. Apfel*, CIV.A.99-1212, 2000 WL 174884, at *3 (E.D. La. Feb. 14, 2000)(citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

**IV.     Analysis**

    **A.     ALJ's Sleep Study Finding.**

Sillings contends that the ALJ erred when he concluded that the sleep studies were negative and that he failed to include the findings of those studies in his determination of her Residual Functional Capacity. (Pl. Br. at 7). The Commissioner contends that the ALJ accurately cited to a record from Ronald Eliosoff showing that the sleep test results were negative.

The record shows that the ALJ found that the sleep study series results were negative. (Tr. 20). He did, however, note that Sillings was diagnosed with narcolepsy and restless leg syndrome. *Id.*

The record indicates that Sillings went through a sleep study which was negative. (Tr. 122). The record further indicates that she was diagnosed with narcolepsy and restless leg syndrome. (Tr. 112).

It therefore appears that the ALJ's finding or record reference was accurate such that his opinion and decision to not include the sleep study results in the assessment of residual functional capacity is based upon substantial evidence.

    **B.     ALJ's finding that she failed to document proof that naps were medically**

**recommended**

Next the claimant contends that the ALJ erred when he stated that her counsel did not submit confirmation from her treating source that she was required to take naps twice a day. The Commissioner contends that while the January 11, 2005 letter was apparently not considered by the ALJ in his opinion, it was considered by the Appeals who denied the request for review on November 2, 2005.

The ALJ notes in his decision that while the record was held open for receipt of a confirming statement from Sillings's physician that she must sleep in the morning and afternoon, no such statement was submitted. (Tr. 21). However, the ALJ was mistaken in his belief as on January 25, 2005, counsel for Sillings forwarded a January 11, 2005, letter from her doctor stating that Sillings requires at least daily naps for her narcolepsy. (Tr. 10-12). Consequently, the ALJ did not consider the impact that multiple naps would have on her residual functional capacity or ability to engage in her past relevant work.

The ALJ has a duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Cannon v. Harris,* 651 F.2d 513, 519 (7th Cir.1981). An ALJ's failure to do so has been consistently held to constitute grounds sufficient to remand the case to the Secretary in order to develop the record. *See Id.; see also Schmoll v. Harris,* 636 F.2d 1146, 1150 (7th Cir.1980) (reversing the Secretary's denial of disability benefits because the ALJ failed to assess the effect of the claimant's Librium use on her ability to engage in substantial gainful activity).

In this case, Sillings's counsel complied with the ALJ's request and provided proof that the plaintiff was required to take naps. However, the ALJ failed to consider the letter in rendering his opinion. Furthermore, the Vocational expert testified that an individual would be unable to perform plaintiff's past relevant work if she needed to lie down once or twice during the day for one or two

hours. (Tr. 405) Considering the significance of the information provided by the treating physician, the ALJ's decision that Sillings is not disabled is not based upon substantial evidence.

## V.    Recommendation

It is the **RECOMMENDATION OF THIS COURT** that the ALJ's decision denying Carolyn Sillings Disability Insurance Benefits and Supplemental Security Income Benefits be **REVERSED** and **REMANDED** for consideration of the January 11, 2005 letter from her treating source, the impact that daily napping has on her residual functional capacity, and whether with this additional limitation, she is able to return to her past relevant work.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana this  9th day of March 2007

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**